UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

William Shields et al.,

    Plaintiffs,

v.                                      **MEMORANDUM OPINION AND ORDER**
                                                         Civ. No. 16-954 (MJD/KMM)

General Mills, Inc.,

    Defendant.

_____

    Stephen J. Snyder, Craig A. Brandt and Brent C. Snyder, Snyder & Brandt, P.A., Steven A. Smith, Lucas J. Kaster and Michelle L. Kornblit, Nichols Kaster, LLP, Counsel for Plaintiffs.

    Marko J. Mrkonich, Kathryn Mrkonich and Susan K. Fitzke, Littler Mendelson, P.C., Keith C. Hult, Littler Mendelson, P.C., Aaron D. Van Oort, Jeffrey P. Justman and Peter C. Magnuson, Faegre Baker Daniels LLP, Counsel for Defendant.

    Susan M. Coler, Halunen Law, Counsel for Amicus Curiae AARP and AARP Foundation.

_____

    This matter is before the Court on Defendant's motion to dismiss and to compel arbitration.

**I.**     **Background**

    Plaintiffs are former employees of Defendant General Mills, Inc. ("General

1

Mills"). General Mills terminated their employment in a 2014-15 company-wide reorganization and employee termination program that it called "Project Catalyst." (Amended Complaint ¶ 3.) Hundreds of employees were terminated through this program, which followed an earlier 2012 employee termination program called "Project Refuel." (Id.) In both programs, Plaintiffs allege that General Mills informed the employees targeted for termination that they would not receive any severance pay unless they signed a contract, drafted by General Mills, called the "Release Agreement." (Id. ¶ 5.)

The Release Agreements contain a waiver of all claims and a separate arbitration provision, which also includes a collective action waiver. (Id.)

> In consideration of the transition support referenced above and described in more detail in my severance packet, I hereby release [General Mills] its subsidiaries and affiliates, . . . from all causes of action, claims, debts or other contracts and agreements which I or my heirs may have for any cause up to this date, including, but not limited to, any and all claims directly or indirectly relating to my employment, or to my separation from employment. This release includes any and all claims under federal, state, and local laws prohibiting employment discrimination, . . . and specifically includes . . . claims arising under the Age Discrimination In Employment Act ["ADEA"] . . .

(Velcheck Decl., Ex. 1 at 1.)

The Release Agreements further provide:

2

> I agree that, in the event there is any dispute or claim arising out of or relating to the above release of claims, including, without limitation, any dispute about the validity or enforceability of the release or the assertion of any claim covered by the release, all such disputes or claims will be resolved exclusively through a final and binding arbitration on an individual basis and not in any form of class, collective, or representative proceeding. I agree that this arbitration provision is governed by the Federal Arbitration Act (9 U.S.C. § § 1-16) ["FAA"] and that it is not intended to cover claims that cannot by law be required to be arbitrated or to prevent me from filing a complaint with a governmental administrative agency. I agree that the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures ("AAA Employment Rules") will govern any arbitration proceeding brought under this provision and that no other rules or procedures (including AAA's Supplementary Rules for Class Arbitrations) will be applied to any such proceeding.

(Id.)

All plaintiffs but Linda Kloeckner signed a Release Agreement. Those plaintiffs that signed the Release Agreement (herein referred to as the "Settled Plaintiffs") are asserting a declaratory judgment claim in Count 1, asking that the Court find the waiver provision set forth in the Release Agreement was and is invalid because General Mills failed to comply with the statutory requirements to obtain a knowing and voluntary waiver as set forth in the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f)[1]. (Id. ¶ 7.)

---

[1]These requirements include whether the agreement is written in a manner that is understood by the employee, and if a waiver is requested in connection with an exit incentive whether the employer informs the employee in writing as to "(I) any class, unit, or group of

3

In all, nine claims have been asserted in this action.  Count 1: ADEA Collective Action - Declaratory Judgment - ADEA/OWBPA; Count 2: ADEA Collective Action - Disparate Treatment Age Discrimination; Count 3: Individual Claims of ADEA Disparate Treatment; Count 4: ADEA Collective Action - Disparate Impact; Count 5: Individual Claims of ADEA Disparate Impact; Count 6: MHRA Disparate Treatment Age Discrimination for Plaintiff Kloeckner; Count 7: MHRA Disparate Impact Age Discrimination for Plaintiff Kloeckner; Count 8: Minn. Stat. § 181.81 Dismissal for Age for Plaintiff Kloeckner; Count 9: Declaratory Judgment - National Labor Relations Act ("NLRA").

## II.   Procedural History

This action was filed on April 12, 2016.  On April 22, 2016, the parties jointly requested that the Court stay this action pending the decision of the Eighth Circuit Court of Appeals in a related case, <u>Elizabeth McLeod, et al. v. General Mills, Inc.</u>, Civ. No. 15-494 (JRT/HB).  This Court granted that request and the matter was stayed on April 26, 2016.

---

individuals covered by such program, any eligibility factors for such program, and any time limits applicable to such program; and (ii) the job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the program." 29 U.S.C. § 626(f)(1)(A) - (H).

On April 14, 2017, the Eighth Circuit issued its decision in <u>McLeod</u>, reversing in part, and remanding the matter for the district court to dismiss the declaratory judgment claim for lack of jurisdiction and to grant the motion to compel individual arbitration of the remaining ADEA claims. <u>McLeod v. General Mills, Inc.</u>, 856 F.3d 1160 (2017). By Order dated May 5, 2017, the stay in this matter was vacated.

After the decision in <u>McLeod</u> was filed, General Mills filed a motion to dismiss in this case. In response, Plaintiffs filed an Amended Complaint, which *inter alia* added a number of plaintiffs and a claim for declaratory judgment under the NLRA. At the time the parties were briefing this motion, four of the Settled Plaintiffs had commenced individual arbitration proceedings to pursue their individual ADEA claims.

General Mills now moves to dismiss the claims of the Settled Plaintiffs in the Amended Complaint in accordance with the decision in <u>McLeod</u>. In response to General Mills' motion, Plaintiffs have indicated that they will withdraw Count 9. (Plaintiffs' Brief (Doc. No. 61 at 4).) In addition, Plaintiffs concede that the Settled Plaintiffs must pursue their individual ADEA claims in arbitration and ask that the Court stay Counts 2 through 5 pending such arbitration proceedings.

Plaintiffs do challenge the motion to dismiss to Count 1 and challenge General Mills's motion to dismiss Plaintiff Linda Kloeckner without prejudice and require her to file an independent action or require her to file an Amended Complaint asserting only claims related to her.

### III.  Motion to Dismiss Count 1 for Lack of Jurisdiction

General Mills argues that the Eighth Circuit's decision in McLeod controls here, and requires the Court to dismiss Count 1 for lack of jurisdiction.

#### A.  McLeod Decision

McLeod involved a group of former General Mills employees that were terminated in an earlier restructuring program called "Project Refuel" and who were required to sign a Release Agreement with arbitration and settlement provisions identical to those at issue in this case.  The district court in that case denied General Mills's motion to dismiss and to compel arbitration under the Release Agreements.  McLeod v. General Mills, Inc., 140 F. Supp.3d 843 (D. Minn. 2015).

As in this case, the McLeod plaintiffs asserted a declaratory judgment claim seeking a declaration that the waiver provision in the Release Agreements is invalid under OWBPA.  The McLeod plaintiffs argued that under § 626(f)(3) of

OWBPA, the validity of the waiver provision must be determined by a court of competent jurisdiction. Id. at 854. The district court agreed and held that because the validity of the waiver must be litigated in a court, all claims, including the substantive ADEA claims, must be litigated in court and therefore denied General Mills's motion to compel arbitration. Id.

On appeal, the Eighth Circuit reversed the judgment of the district court and remanded the matter directing that the district court grant General Mills's motion to compel individual arbitration and to dismiss the declaratory judgment claim for lack of jurisdiction. McLeod, 856 F.3d at 1168. The court first recognized that under the Federal Arbitration Act, courts are to enforce arbitration agreements unless the FAA's mandate is overridden by a contrary congressional command. Id. at 1163. Ultimately, the Eighth Circuit found there was no such contrary congressional command and held that "[s]ince the agreements require individual arbitration of the former employees' ADEA claims, the district court should have granted General Mill's motion as to those claims." Id. at 1166.

With respect to their claim for declaratory relief, the McLeod plaintiffs argued that the issue of whether the waiver is enforceable is not arbitrable,

because § 626 (f)(3) provides that the party asserting the validity of such a waiver "shall have the burden of proving in a court of competent jurisdiction that a waiver was knowing and voluntary."

Although the parties did not contest the court's jurisdiction over the declaratory judgment claim, the Eighth Circuit held that such claim did not present an Article III case or controversy.  Id.  It found that plaintiffs "did not plead that General Mills threatened any enforcement of the ADEA claim waiver, let alone enforcement that would cause them imminent injury."  Id.  Instead, the court noted that plaintiffs were seeking a declaration of their rights under a hypothetical set of facts.  Id.  "They want to know their legal rights if, in the future, General Mills asserts that the waivers of their substantive ADEA rights were 'knowing and voluntary' under § 626 (f)(3)."

The court further noted that "[n]o Article III case or controversy arises when plaintiffs seek 'a declaratory judgment as to the validity of a defense' that a defendant 'may, or may not, raise in a future proceeding."  Id. at 1167 (citing Calderon v. Ashmus, 523 U.S. 740, 747 (1998) which found that the court did not have jurisdiction over declaratory judgment class action concerning one the procedural rules affecting habeas petitions, because such an action would not

8

involve the class members' individual habeas petitions, and Coffman v. Breeze Corp., 323 U.S. 316 (1945) which found no case or controversy where patent owner sought declaratory judgment that Royalty Adjustment Act was unconstitutional because "the constitutionality of the Act is without legal significance and can involve no justiciable questions unless and until appellant seeks recovery of the royalties, and then only if appellee relies on the Act as a defense")).  In the case before it, the Eighth Circuit held that the "controversy" was *not* whether the former employees *waived* their substantive rights under the ADEA, it was the ADEA claims themselves.  Id. (emphasis added)  "If the former employees won [on the waiver issue], they would still have to arbitrate the merits of the claims.  If the former employees lost, they could still sue General Mills so long as General Mills did not raise waiver as an affirmative defense."  Id.  Because the declaratory judgment action would not resolve the merits of the ADEA claim itself, the court found that plaintiffs had failed to demonstrate that the court had jurisdiction over such action.  Id.

Finally, the Eighth Circuit made clear that it had not decided whether General Mills could assert the validity of its waiver in arbitration.  "Because this court does not have jurisdiction over the declaratory judgment action, this court

9

does not reach the question of the import of § 626 (f)(3)'s instruction that 'the party asserting the validity of a waiver shall have the burden of proving in a court of competent jurisdiction that a waiver was knowing and voluntary.'" Id. at 1168.

### B.    Applicability of McLeod Decision

General Mills argues that with respect to the declaratory judgment claim asserted in Count 1, the McLeod decision is directly on point and warrants dismissal of that count on the basis of lack of jurisdiction.

Plaintiffs argue McLeod is distinguishable because in this case, it is no longer hypothetical or conjecture as to whether General Mills will assert the release/waiver as a defense to Plaintiffs' claims.  In their Amended Complaint, Plaintiffs deleted the phrase "If and to the extent General Mills maintains that a purported waiver is effective" and replaced it with the following allegations: "General Mills' counsel of record in this case has confirmed within the past few weeks, and following the issuance of the recent Eighth Circuit opinion in McLeod, that General Mills 'believes in the enforceability of the Release Agreements,' and that General Mills intends to assert release/waiver as a defense in each arbitration case commenced by a Plaintiff who signed the Release

Agreement." (Am. Comp. ¶ 131.) In addition, since the Amended Complaint was filed, General Mills has formally asserted the affirmative defense of waiver in its Answers to arbitration demands filed by three of the named Settled Plaintiffs. (Brandt Aff., Exs. A, B and C.)

Plaintiffs further argue this case is distinguishable from the <u>Calderon</u> and <u>Coffman</u> cases relied on by the Eighth Circuit in <u>McLeod</u>. In <u>Calderon</u>, the Court held that a plaintiff seeking a declaratory judgment concerning a procedural rule involving habeas filings, without also asserting a claim for habeas relief, had not demonstrated an Article III case or controversy. <u>Id.</u> 523 U.S. at 747. Similarly, in <u>Coffman</u>, the Court found no jurisdiction over a declaratory judgment claim regarding the Royalty Adjustment Act when the plaintiff failed to assert a claim for royalties. <u>Id.</u> 323 U.S. at 323-24. By contrast, in this case Plaintiffs have asserted both substantive ADEA claims along with a claim for declaratory judgment as to the validity of the waiver of such claims.

After careful review, the Court finds that Plaintiffs have failed to show that there is a principled basis on which to distinguish <u>McLeod</u> from this case. First, the fact that General Mills has asserted the affirmative defense of waiver in

pending arbitration proceedings does not distinguish this case from McLeod[2]. The law is clear that "[n]o Article III case or controversy arises when plaintiffs seek a 'declaratory judgment as to the validity of a defense' that a defendant 'may, or may not, raise' in a future proceeding." McLeod, 856 F.3d at 1167.

Further, to adopt Plaintiffs' argument would require the Court to find no case or controversy with regard to those Plaintiffs who have not yet commenced an arbitration proceeding, because General Mills would not have asserted the affirmative defense of waiver with respect to that individual plaintiff.

Next, the Court finds this case is not distinguishable from Calderon and Coffman because, as Plaintiffs concede, the actual controversy raised by Plaintiffs is whether their employment was terminated in violation of the ADEA. As Plaintiffs also concede, their substantive ADEA claims must proceed in

---

[2]Whether or not General Mills has asserted the affirmative defense of waiver in its Answer does not appear to be dispositive on the issue of whether there is a case or controversy. In a decision dated April 14, 2017, the Eighth Circuit noted that "General Mills has not asserted the validity of the substantive ADEA claim waivers." McLeod v. General Mills, 854 F.3d 420, 427 (8th Cir. 2017). In its motion for rehearing, the plaintiffs argued that General Mills had, in fact, asserted the affirmative defense of waiver in its Answer. In response, the Eighth Circuit vacated its earlier opinion and issued an amended opinion which deleted the sentence which reads in full "But Generals Mills has not asserted the validity of the substantive ADEA claim waivers. McLeod 856 F.3d at 1167-68. Other than the deletion of this sentence, the two opinions are the same. If the Eighth Circuit determined that asserting the defense of waiver in an Answer changed its analysis as to whether plaintiffs had demonstrated there was a case or controversy, the result in McLeod would have been different.

arbitration. Accordingly, the case before this Court will not determine the merits of the actual controversy and as a result, Plaintiffs cannot seek an advance ruling on an affirmative defense in federal court. Coffman, 323 U.S. at 324 (recognizing that a declaratory judgment claim cannot be the medium for securing an advisory opinion in a controversy which has not yet arisen).

Plaintiffs also argue that a declaratory judgment claim concerning whether a waiver was knowing and voluntary under § 626(f) could present an Article III case or controversy. See McLeod, 856 F.3d at 1167 n. 2 (citing Newman v. Dist. of Columbia Courts, 125 F. Supp. 3d 95, 106-08 (D.D.C. 2015)). In Newman the district court found no actual case or controversy concerning § 626(f)(1) compliance because the employer confirmed that it would not invoke the release or waiver as an affirmative defense. Id. at 106. The district court nonetheless recognized that "[i]n appropriate circumstances, . . . an employee presumably would be entitled to a declaratory judgment that a waiver or release is invalid and unenforceable under the ADEA." Id. (citing Krane v. Capital One Servs., Inc., 314 F. Supp.2d 589, 609 (E.D. Va. 2004)). "Where for example, an employee has good reason to believe that she would face an action for recoupment of severance payments received to-date if she were to file a charge with the EEOC,

13

she might be able to bring a declaratory judgment to establish the invalidity of a waiver or release before doing so." Id. The court further noted that such a declaratory judgment action "would be no different from any other declaratory judgment action seeking to clarify whether a contract between the parties is enforceable." Id. (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)).

Here, however, the Settled Plaintiffs do not assert that they brought the declaratory judgment claim in response to their belief that they would face a recoupment of severance payments if they brought claims under the ADEA, or other imminent injury. Accordingly, the Settled Plaintiffs reliance on Newman is misplaced.

Finally, Plaintiffs argue that multiple courts, including this court, have granted declaratory relief under § 626 (f)(1). See e.g., Peterson v. Seagate US LLC, Civ. No. 07-2502, 2011 WL 578761, at *1 (D. Minn. Feb. 8, 2011); see also Syverson v. Int'l Bus. Mach. Corp., 472 F.3d 1072, 1087 (9th Cir. 2007). Those cases are distinguishable, however, because they did not involve a separate agreement to arbitrate. As a result, the substantive ADEA claims remained before the court.

As set forth above, the Court finds that Plaintiffs have failed to

demonstrate that the Eighth Circuit's decision in McLeod is not controlling. Accordingly, the Court finds that based on that decision, and the decisions set forth in Calderon and Coffman, Count 1 does not present a case or controversy under Article III.

## IV. Plaintiff Kloeckner

General Mills next argues that because Plaintiff Linda Kloeckner did not sign a Release Agreement, her claims should not be entangled with the claims of the Settled Plaintiffs that did sign the Release Agreement. General Mills asserts that the Court should either dismiss her claims without prejudice and direct them to a new action or to order Kloeckner to file an amended complaint in this action that only includes her claims. The Court disagrees.

There is no dispute that Plaintiff Kloeckner has a right to bring her claims in this Court as her claims are not subject to arbitration. In addition, there are common questions of fact, including statistical evidence indicating age bias. Further, although the Amended Complaint includes allegations about persons and issues extraneous to Kloeckner, the Court finds the Amended Complaint is clear as to which allegations relate to her claims. Accordingly, the Court will deny General Mills's motion as to Plaintiff Kloeckner.

IT IS HEREBY ORDERED that:

1. Defendant General Mill's Motion to Dismiss Plaintiffs' Amended Complaint and to Compel Arbitration on an Individual Basis [Doc No. 43] is GRANTED in part as follows: Count 1 is DISMISSED WITHOUT PREJUDICE, Counts 2 through 5 as they related to the Settled Plaintiffs are STAYED pending arbitration, Count 9 is dismissed with prejudice and the motion to dismiss or amend Counts 6 through 8 (Plaintiff Kloeckner's Individual Claims) is DENIED.

2. All Plaintiffs except Linda Kloeckner may submit their claims to arbitration on an individual basis only.

Date:   January 2, 2018

                                                s/ Michael J. Davis
                                                Michael J. Davis
                                                United States District Court